**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **SCOTT B. OBERMOELLER,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 4:07CV1222-DJS |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

<u>**ORDER**</u>

On February 3, 2005, plaintiff Scott B. Obermoeller applied for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act, 42 U.S.C. §1382, <u>et seq.</u>, claiming that he became disabled and unable to work on November 1, 2003. Plaintiff claims that he has neuropathy in his legs and hands, as well as other problems including back pain due to degenerating discs and an underdeveloped spine, shoulder pain stemming from a surgery in 2004, depression, diabetes, and vascular disease. His application was denied on initial consideration by the Social Security Administration ("SSA"), and plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ, after an initial hearing, denied plaintiff's claim for benefits. Plaintiff's request for a review before the Appeals Council was denied on April 30, 2007. Therefore, the ALJ's

determination stands as the final decision of the Commissioner. See 42 U.S.C. §405(g).

Plaintiff filed this action challenging the decision of the Commissioner on July 5, 2007, and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C §636(b)(1). The Magistrate Judge issued his Report and Recommendation ("R&R") on July 22, 2008, finding that the ALJ failed to provide notice of post-hearing evidence upon which, in part, he relied to render his opinion.[1] In light of this post-hearing evidence, the Magistrate Judge concludes that the ALJ failed to fully and fairly develop the relevant evidence in this case, and recommends that the matter be remanded to the Commissioner so that plaintiff has the opportunity to address the post-hearing evidence obtained by the ALJ.

Nevertheless, the Magistrate Judge further finds that, "on the evidence before the ALJ at the time he entered his written decision, it cannot be said that the decision to deny plaintiff his benefits was not based upon substantial evidence on the record as a whole." Doc. #24, p. 45. Specifically, the Magistrate Judge's

---

[1] The hearing before the ALJ took place in this cause on November 8, 2006. On November 7, 2006, the day immediately preceding the hearing, the ALJ sent a letter to Dr. Khawla Khan, a psychiatrist who saw plaintiff twice in her office, asking whether there was additional information readily available to clarify her report and medical source statement. In a letter dated November 17, 2006, Dr. Khan set out her opinion as to the extent to which plaintiff was limited by his mental and physical impairments. Although made a part of the certified administrative record, this post-hearing letter received by the ALJ was not provided to plaintiff or his counsel. In his written decision dated January 20, 2007, the ALJ set out the contents of Dr. Khan's letter, and relied on such contents, in part, to discredit Dr. Khan's opinion.

2

R&R finds that a review of the medical record as a whole shows there to be some medical evidence from a medical professional to support the ALJ's residual functional capacity ("RFC") determination.

The matter now comes before this Court on the Magistrate Judge's R&R and plaintiff's objection thereto. Plaintiff contends that, although the Magistrate Judge recommends that this Court remand the matter to the Commissioner, the Magistrate Judge erred in his conclusion that the ALJ's RFC determination is supported by substantial evidence on the record as a whole.

**Standard of Review**

The Court, pursuant to 28 U.S.C. §636(b), reviews de novo those portions of the R&R to which objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b).

The scope of the Court's de novo review of the final decision of the Commissioner is governed by 42 U.S.C. §405(g). When reviewing an ALJ decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the Commissioner's decision is conclusive if supported by substantial evidence on the record as a whole. Richardson v. Perales, 402 U.S.

389, 401 (1971); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002).

## Discussion

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's RFC determination is supported by substantial evidence on the record as a whole. Plaintiff argues that the ALJ did not include a sufficient discussion, or cite sufficient evidence, to support the RFC determination, and that the Magistrate Judge erred "by scouring the record for possible bases for the ALJ's residual functional capacity." Doc. #25, p. 2.

As noted above, the Magistrate Judge's initial finding is that the record in this case has not been fully and fairly developed, and recommends that the action be remanded to the Commissioner for further consideration. Despite this finding, the Magistrate Judge further examined the ALJ's opinion, concluding that the ALJ's decision to deny benefits is based upon substantial evidence on the record as a whole. However, this latter analysis is premature in that it is dependent, in part, on the outcome of the further ordered proceedings. Accordingly, this Court will refrain from such review unless and until a full and fair record is before it.

The Court specifically notes that it is overruling plaintiff's objection, and is not finding that the Magistrate Judge erred in his determination that the RFC found by the ALJ is

supported by substantial evidence on the record. Rather, the Court, on its own motion, will adopt the R&R as modified to omit the determination as to substantial evidence.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's objection to the Report and Recommendation of United States Magistrate Judge [Doc. #25] is overruled.

**IT IS FURTHER ORDERED** that, except for the Substantial Evidence section and the Conclusion section on pages 35-45, the Court accepts and adopts the Magistrate Judge's Report and Recommendation [Doc. #24].

Dated this __12th__ day of September, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE